## ESTATE OF CASPER W. PREISSER, DECEASED, W.D. PREISSER, EXECUTOR, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 37797-86.          Filed April 21, 1988.

*Patrick J. Regan,* for the petitioner.
*Mark E. Bohe,* for the respondent.

KÖRNER, *Judge:[1]* In his notice of deficiency, respondent determined a deficiency of $92,567.05 in the Federal estate tax of the Estate of Casper W. Preisser. After concessions by petitioner, the sole issue for decision is whether respondent correctly determined that the marital deduction claimed by the Estate of Casper W. Preisser should be reduced by $210,615.97.

### FINDINGS OF FACT

This case was submitted for decision on fully stipulated facts pursuant to Rule 122.[2] The stipulation of facts and exhibits attached thereto are incorporated herein by this reference.

Petitioner is the Estate of Casper W. Preisser (the estate), acting by and through W.D. Preisser, its coexecutor. Petitioner resided in Garden City, Kansas, when it filed the petition herein.

---

[1]By order of the Chief Judge, this case was reassigned to Judge Jules G. Körner III for opinion and decision.

[2]All statutory references are to the Internal Revenue Code of 1954 as in effect at the date of the decedent's death, and all Rule references are to the Tax Court Rules of Practice and Procedure, except as otherwise noted.

Casper W. Preisser (decedent) died testate on November 28, 1982. He was survived by a wife and two sons, J.G. and W.D. Preisser. Before he died, decedent had made a loan to his son J.G. The amount of the unpaid loan plus accrued interest totaled $210,615.97 when decedent died. When he died, decedent owed an identical amount to the Federal Land Bank Association of Garden City (the bank).

In his last will, decedent devised various parcels of real property to his two sons and left the residue of his estate to his surviving spouse. He directed in the will that all his debts be paid "as soon as practicable after my death from my residuary estate." Decedent further directed in the will that, if he was survived by his wife, his son J.G. was required to pay the balance of the loan decedent had made to him to the estate within 120 days of decedent's death. After his death, decedent's surviving spouse and two sons, who together constituted all of the beneficiaries under decedent's last will, agreed to allow J.G. to pay his $210,615.97 debt to the estate by paying the estate's identical debt to the bank.

In its Federal estate tax return, petitioner failed to include in the value of the estate the $210,615.97 that J.G. owed decedent. Although petitioner reported decedent's $210,615.97 debt to the bank as a deduction from the gross estate, it did not reduce the value of the property passing to decedent's surviving spouse by that amount. Respondent determined, as is relevant here, that the $210,615.97 owed by J.G. is required to be included in the gross estate and that the amount of petitioner's marital deduction is required to be reduced by the identical amount that decedent owed to the bank. Petitioner now agrees that respondent correctly determined that the $210,615.97 owed decedent by J.G. is an asset of decedent's gross estate.

After petitioner received respondent's notice of deficiency, it filed an ex parte petition with the probate division of a Kansas State District Court. Petitioner asked the court to determine that decedent intended to pass the real property devised to J.G. encumbered by decedent's $210,615.97 debt to the bank and that decedent did not intend for his debt to the bank to become an obligation of his estate. Petitioner filed a hearing brief in the action with the Kansas State

court on December 2, 1987. In its order construing the will issued the same day, the court found that decedent intended to pass real property to J.G. encumbered by decedent's debt to the bank and that decedent did not intend for his debt to the bank to become an obligation of his estate. Although respondent was served notice of petitioner's petition to the Kansas State court, respondent was not a party to the proceeding.

OPINION

The sole issue for decision is whether respondent correctly determined that the estate's marital deduction should be reduced by the $210,615.97 that decedent owed the bank when he died.

Section 2056(a) provides that, in arriving at the value of a taxable estate, a deduction is allowed from the gross estate of "an amount equal to the value of any interest in property which passes or has passed from the decedent to his surviving spouse." The Federal estate tax regulations refer to this deduction as the "marital deduction." Sec. 20.2056(a)-1(a), Estate Tax Regs. In computing the amount of the marital deduction, the value of the property passing to the surviving spouse must be reduced by the obligations to which the property is subject. Sec. 20.2056(b)-4(b), Estate Tax Regs.

Petitioner argues that the debt at issue was not required to be paid out of decedent's estate, and therefore does not reduce the estate's marital deduction. In support for his position, petitioner points to the construction of decedent's will given by the probate division of the Kansas State District Court.

We note at the outset that we are not bound by the construction given decedent's will by the Kansas State District Court as that court is not the Supreme Court of Kansas. *Commissioner v. Estate of Bosch*, 387 U.S. 456, 465 (1967). In determining whether decedent's debt is an obligation of his estate, we are "in effect, sitting as a state court," being bound by decisions of the Supreme Court of Kansas and "giving 'proper regard' to relevent rulings of other courts of the State." *Commissioner v. Estate of Bosch, supra* at 465; *Estate of Harmon v. Commissioner,* 84

T.C. 329, 333 (1985). As the U.S. Supreme Court has recognized, a "state's highest court is the best authority on [the state's] own law." *Commissioner v. Estate of Bosch, supra* at 465.

The Supreme Court of Kansas has addressed the issue now before us. That court was asked in *In re Cline's Estate,* 170 Kan. 496, 227 P.2d 157 (1951), to decide whether a legatee who received land under a will was entitled to have a mortgage that encumbered the land paid out of the general assets of the estate. The court noted that the decedent's will contained a general provision that expressly provided for the decedent's debts to be paid, and that the part of the will that devised the land gave no indication that the mortgage on the land was to be excepted from that provision. As the mortgage was one of the decedent's debts, the court concluded that the executor was required to pay it and that the legatee was entitled to receive the land free of the mortgage. *In re Cline's Estate,* 227 P.2d at 162.

In the case now before us, as in *In re Cline's Estate,* the debt at issue was owed by decedent when he died. In the case before us, as in *In re Cline's Estate,* decedent's will provided for all his debts to be paid. As in *In re Cline's Estate,* nothing in decedent's will indicates that the debt at issue was to be an exception and that decedent intended for the land to pass to his son J.G. subject to the debt. We are unpersuaded by petitioner's argument that decedent intended to allow J.G. to pay his debt to decedent by paying decedent's bank debt. That argument conflicts directly with the provision of the will which specifically requires J.G. to pay his debt to decedent to the estate within 120 days of decedent's death. As the Supreme Court of Kansas emphasized in *In re Cline's Estate,* "where provisions of a will are clear and not inconsistent with other provisions the jurisdiction of courts is limited to interpretation, which does not include reformation." 227 P.2d at 162. We believe that if decedent had intended to allow J.G. to satisfy J.G.'s debt to him by taking the property subject to the mortgage, he would have said so in his will. In these circumstances, we conclude that the opinion of the Supreme Court of Kansas in *In re Cline's Estate* controls the issue now before us and that the terms of decedent's will require the debt to be paid

from his residuary estate. We accordingly hold that the debt at issue reduces the estate's marital deduction as respondent determined.[3]

To reflect the foregoing,

*Decision will be entered for the respondent.*

---

[3]To the extent that our holding conflicts with the construction given decedent's will by the Kansas State District Court in the uncontested ex parte action brought by petitioner, we believe that the court gave inadequate consideration to the Supreme Court of Kansas' decision in *In re Cline's Estate,* 170 Kan. 496, P.2d 157 (1951)

